**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Phillip Lay, | ) |
| | ) |
|     Plaintiff, | ) Case No. 1:12-CV-361 |
| | ) |
| vs. | ) |
| | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

O R D E R

This matter is before the Court on Magistrate Judge Litkovitz's Report and Recommendation of May 30, 2013 (Doc. No. 20) and Plaintiff Phillip Lay's objections to the Report and Recommendation.  Doc. No. 24.  In her Report and Recommendation, Judge Litkovitz concluded that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled under the Social Security regulations was supported by substantial evidence.  Judge Litkovitz, therefore, recommended that the ALJ's decision be affirmed.  The only issue presented by Plaintiff's objections is Judge Litkovitz's finding that the ALJ's decision to give little weight to the opinion of Plaintiff's treating physician was supported by substantial evidence**.**  For the reasons that follow, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation.  The decision of the ALJ finding that Plaintiff is not disabled is **AFFIRMED**.

I. Background

An extended discussion of the medical evidence is not required to resolve Plaintiff's objections to the Report and Recommendation.

Plaintiff underwent bilateral knee replacement surgery in April 2006.  In February 2009, Plaintiff's orthopedist, Dr. Gallagher, completed a residual functional capacity ("RFC")  assessment (Tr. 523-527) which indicated that his knee replacements imposed significant restrictions on Plaintiff's ability to perform even sedentary work.  As is most relevant here, Dr. Gallagher indicated that Plaintiff would only be able to sit and stand or walk for less than two hours in an eight hour work day.  Tr. 525.  Dr. Gallagher also opined that Plaintiff would miss more than four days of work per month because of his knee impairment.  Tr. 527.  According to the vocational expert who testified at the evidentiary hearing, if the ALJ accepted Dr. Gallagher's opinion, Plaintiff would be precluded from performing all work.  Tr. 48-49.

In her written decision denying Plaintiff's claim for benefits, however, the ALJ gave "little weight" to Dr. Gallagher's RFC opinion.  The ALJ concluded that Dr. Gallagher's RFC was inconsistent with his earlier assessments and office notes and because he provided no reasons showing that Plaintiff's condition had deteriorated.  Tr. 15.  In support of this conclusion, the ALJ noted that only six months after surgery, Dr. Gallagher indicated that Plaintiff could lift 100 pounds, climb a ten foot ladder, and kneel with knee pads.  The ALJ observed further that one year after surgery, Dr. Gallagher indicated the same weight, climbing, and kneeling restrictions and indicated further that Plaintiff had unlimited walking endurance and unrestricted daily living activities.  Tr. 16.  The ALJ actually gave greater weight to the information and opinions expressed in Dr. Gallagher's April 2007 office notes summarizing the result of Plaintiff's one year follow-up examination than she did to his February 2009 RFC.  Tr. 342-344.

The ALJ relied most substantially on the opinions of the state agency physicians in concluding that Plaintiff has the physical RFC to perform a limited range of sedentary work. The only significant restrictions identified by the ALJ were that Plaintiff be able to alternate sitting and standing every 30 minutes, that he could use foot controls only occasionally, and that he could not work around heights and dangerous machinery. Tr. 14-16. Based on the testimony of the vocational expert, the ALJ concluded that there are a significant number of jobs in the national economy that Plaintiff can perform with this RFC, including bench assembler and interviewer. Tr. 17. The ALJ concluded, therefore, that Plaintiff is not disabled under the Social Security regulations and denied his claim for disability insurance benefits. Tr. 17-18.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making that decision the final decision of the Commissioner of Social Security. Plaintiff then filed a timely complaint for judicial review of the ALJ's decision which raised three assignments of error. As stated above, however, the only issue before the Court at this time is Plaintiff's second assignment of error, which alleged the ALJ did not give appropriate weight to Dr. Gallagher's opinion.

In her Report and Recommendation, Magistrate Judge Litkovitz concluded that the ALJ's decision to give little weight to Dr. Gallagher's opinion was supported by substantial evidence. Like the ALJ, Judge Litkovitz found that Dr. Gallagher's February 2009 RFC opinion was inconsistent with his earlier opinions and treatment notes and was not supported by objective evidence or an explanation demonstrating a deterioration in Plaintiff's condition. Judge Litkovitz recommended that the ALJ's decision be affirmed.

Plaintiff's objections to Judge Litkovitz's Report and Recommendation are ready for disposition.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ. See 42 U.S.C. § 405(g). The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding Social Security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

## III. Analysis

Plaintiff contends that the ALJ erred in the weight she gave to Dr. Gallagher's February 2009 RFC which, if accepted, would compel a finding of disability.

4

Under the "treating physician rule," the opinion of a claimant's treating physician is accorded controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record[.]" Rogers v. Commissioner of Social Sec., 486 F.3d 234, 242 (6th Cir. 2007). If the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. Id. There is a rebuttable presumption that the opinion of a treating physician is entitled to great deference, its non-controlling status notwithstanding. Id. (citing Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *4) ("In many cases, a treating physician's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight."). Additionally, the ALJ must provide "good reasons" for discounting a treating physician's opinion, reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. Id. The ALJ may, however, reject a treating physician's opinion if it is inconsistent with his earlier opinions and treatment notes and there is no explanation or findings indicating a change in the claimant's condition between the dates of the reports. Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988); Payne v. Commissioner of Social Sec., 402 Fed. Appx. 109, 112-13 (6th Cir. 2010).

Plaintiff contends that the ALJ failed to recognize that the condition of his left knee deteriorated between April 2007 and February 2009. He points out that he

5

experienced an increase in swelling and instability during this period and that at one point Dr. Gallagher had to drain the knee with a needle. Plaintiff also points out that he experienced intermittent catching of that knee and had pain when walking down stairs and sitting for more than 30 minutes. Thus, Plaintiff contends that objective evidence supported the change in Dr. Gallagher's opinions.

There is no doubt, as Plaintiff argues, that his left knee did not respond as well to the replacement surgery as his right knee. The Court agrees with the ALJ and Magistrate Judge Litkovitz, however, that the record does not support the rather drastic change in Dr. Gallagher's opinion of Plaintiff's RFC. Stated another way, the record fully supports the ALJ's decision to give little weight to Dr. Gallagher's February 2009 RFC.

As already recounted, Dr. Gallagher's April 2007 follow-up examination indicated no significant restrictions or impairments resulting from Plaintiff's knee replacement surgery. Thereafter, Plaintiff did begin complaining of pain and swelling in his left knee. Dr. Gallagher's April 2008 office treatment note, however, found only mild crepitus, effusion, tenderness and swelling in the left knee. Tr. 497. The flexion in his left knee was actually greater then than it was the previous April, although Dr. Gallagher did note increased instability. Tr. 497, 499. Dr. Gallagher concluded the note by stating that Plaintiff "is functioning relatively well at the present[.]" Tr. 499.

In November 2008, Plaintiff's last office visit before the February 2009 RFC, Dr. Gallagher again noted crepitus, mild effusion, tenderness, and mild swelling in the left knee. Tr. 554. Plaintiff again demonstrated excellent range of motion in the left knee. The Lachman and anterior drawer tests indicated only mild laxity or instability in

6

Plaintiff's left knee.  Id.  Dr. Gallagher noted that Plaintiff complained of mild pain at rest and increased pain with activities, especially going down stairs.  Dr. Gallagher noted that Plaintiff's pain was aggravated if he sat more than a half hour.  He also noted Plaintiff's complaint of intermittent catching of the knee.  Tr. 553.  The follow-up plan was to drain the knee, begin physical therapy, and follow-up again in six months.  Id.

Although the condition of Plaintiff's left knee may have deteriorated between April 2007 and November 2008, Dr. Gallagher's office treatment notes suggest only a mild deterioration at worst.  The increases in Plaintiff's symptoms, such as swelling, crepitus, and tenderness, are generally described as mild.  Plaintiff's pain while at rest was consistently documented as being mild.  Even the increase in instability was indicated to be mild.  The ALJ, however, accounted Plaintiff's inability to sit for more than 30 minutes at a time by limiting him to jobs where he can alternate between sitting and standing every 30 minutes.  The ALJ also accounted for Plaintiff's instability by restricting him from jobs involving working around heights and dangerous machinery.  Certainly nothing in these office notes supports Dr. Gallagher's conclusion that Plaintiff would miss more than four days of work per month because of his knee impairment.

In short, the record supports the weight the ALJ gave to Dr. Gallagher's February 2009 RFC.

<u>Conclusion</u>

Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED**.  The Court **ADOPTS** the Report and Recommendation.  The decision of the ALJ is **AFFIRMED.  THIS CASE IS CLOSED.**

    **IT IS SO ORDERED**

Date <u>November 4, 2013</u>    <u>   s/Sandra S. Beckwith   </u>
                                                       Sandra S. Beckwith
                                        Senior United States District Judge